UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDY G. MAXFIELD, ) <br> ) <br> Defendant. ) <br> _____ ) | CASE NO.   06-479M <br><br> DETENTION ORDER |

Offense charged:

Travel with Intent to Engage in Illicit Sexual Conduct, in violation of, Title 18, U.S.C., Section 2423(b).

Date of Detention Hearing: September 15, 2006

The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Susan Dohrmann. The defendant was represented by Thomas Hillier.

DETENTION ORDER
PAGE -1-

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed an offense addressed in the recently enacted Adam Walsh Act involving sexual exploitation of a minor. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons using the factors below, under Title 18 § 3142 (g), the Court considered the following:

    (a) The nature and circumstances of the offense charged, including whether the offense is a crime of violence and involves sexual exploitation of a minor.

        (I) It is alleged that to accomplish this offense the defendant conspired via the internet with an undercover officer posing as a mother of a young girl to meet and have sexual intercourse with the underage girl.

        (II) Moreover, when arrested the defendant possessed condoms and other paraphernalia to accomplish the act of sexual intercourse. He also admitted to having these intentions.

    (b) The history and characteristics of the person, including: the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings.

        (I) Facts from the Defendant's background show he is a

resident of Montana and that his employment as a long-distance bus driver appears only to underscore the difficulty in supervising him, if he returns to work.

(II) The facts of this case suggest levels of deceit that underscore lack of reliability and untrustworthiness. It appears that to accomplish this alleged offense, the defendant, Mr. Maxfield had to fabricate a story not only to his spouse, but his adult children living here in Washington whom he purportedly was here to visit, and his employer by calling his travel to Washington state a vacation. In this Court's view, the usual controls by loss of familial ties and employment appear likely ineffectual with Mr. Maxfield. It is doubtful what supervisory controls U.S. Pretrial Services can gain over the defendant when he appears to be engaged in multi-levels of deceit.

(III) As indicia of his suitably for release, the defense argued that Mr. Maxfield has given a statement to law enforcement and further acknowledges his need for treatment. Thus far, it is only speculative that from this admission one can reasonably infer that Mr. Maxfield possesses sufficient self-control to assure compliance with the law and court orders, particularly when he has never engaged in therapy for sexual deviancy.

(3) After applying the presumptions applicable under the Bail Reform Act and its recent amendments, the Court concludes that the presumption of detention is not overcome. Thus, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

DETENTION ORDER
PAGE -3-

**It is therefore ORDERED**:

(l)  The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)  The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3)  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)  The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 18th day of September, 2006.

MONICA J. BENTON
United States Magistrate Judge