Judge Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDY MAXFIELD,<br><br>    Defendant. | NO. CR06-340 TSZ<br><br>GOVERNMENT'S<br>SENTENCING MEMORANDUM |

The United States of America, by and through Jeffrey C. Sullivan, United States Attorney for the Western District of Washington, and Susan B. Dohrmann, Assistant United States Attorney for said District, respectfully submits the government's Sentencing Memorandum in the above-captioned case.

## I. INTRODUCTION

On November 27, 2006, Defendant pleaded guilty to traveling in interstate commerce with the intent to engage in illicit sexual conduct, in violation of Title 18, United States Code, Section 2423(b). A Presentence Report has been prepared and there are no factual issues in dispute. Sentencing is scheduled for Friday, February 23, 2007, at 1:30 p.m., before the Honorable Thomas S. Zilly, United States District Judge.

## II. SENTENCING RECOMMENDATION

The government respectfully recommends that a sentence of 60 months of imprisonment be imposed to be followed by a 15-year period of supervised release.

GOVERNMENT'S SENTENCING
MEMORANDUM/MAXFIELD
CR06-340 TSZ - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Under the guise of a family visit to the Seattle area, Defendant, using the Internet screen name "Gentlooking4fun," orchestrated a sexual encounter with a young girl he believed to be 13 years old. *See* Presentence Report ¶¶ 7-9. Defendant did so by seeking out the disturbed and twisted world where a parent would actually facilitate such an encounter for her own, sexually inexperienced child. As unfathomable as this activity may seem to many, it does occur and Defendant was eager to take advantage of this opportunity.

During lengthy chat sessions with both the mother and the young girl - both actually an undercover law enforcement officer - Defendant described, in the most graphic of terms, his plans for oral and anal sexual activity and light bondage. Defendant also described himself as someone who was "more in it for them [the child] than for myself" and that he was interested in "making love" not just "[having] sex."[1] Defendant's online persona was a cold and calculated presentation of a supposedly kind, gentle man whose only concern was for the child. As reassurance to his intended victim, Defendant described a previous sexual encounter with a 12-year old girl he taught about sex and to whom he "made love," a child with whom he was purportedly still in contact.

Defendant's online conversations with the person he believed to be the child were equally chilling and cunning. In graphic detail, Defendant described all the sexual activity - including anal sex - he hoped to teach and experience with this child. Defendant also told her that she ". . . could absolutely not tell ANYONE about it" because "the law considers it rape. .no matter how much you like. because of the age difference." Defendant explained that "the laws in this country don't want you to have sex until your 18..at least not with anyone more that 4 years older than you."

---

[1] Defendant's conversations are more fully set forth in the Complaint and are incorporated herein by reference for the purposes of this Sentencing Memorandum. Content in quotation marks is found in the Complaint.

GOVERNMENT'S SENTENCING
MEMORANDUM/MAXFIELD
CR06-340 TSZ - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Title 18, United States Code, Section 3553(a), provides

>  (a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
>
>>  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>>
>>  (2) the need for the sentence imposed –
>>
>>>  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>>
>>>  (B) to afford adequate deterrence to criminal conduct;
>>>
>>>  (C) to protect the public from further crimes of the defendant; and
>>>
>>>  (D) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3583(d) permits a district court to impose any discretionary condition it believes is warranted so long as that condition is

>  (1) reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
>
>  (2) involves no greater deprivation of liberty than is reasonably necessary fo the purposes set forth in section 3553 (a)(2)(B), (a)(2)(C), and (a)(2)(D) and
>
>  (3) is consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a).

The calculated and sinister nature of this case calls for the imposition of a 15-year period of supervised release following Defendant's release from custody. The government respectfully requests that such a term be imposed under the conditions recommended by the Probation Office. In this regard, Defendant's reliance on *United States v. Sales*, __ F.3d ___, 2007 WL 430429 (9th Cir. (Cal.)) is misplaced. In *Sales*, the defendant was convicted of counterfeiting United States federal reserve notes and Sales used a scanner and printer to make the counterfeit currency. The Court of Appeals for the Ninth Circuit held that the district court abused its discretion in imposing a supervised release condition

GOVERNMENT'S SENTENCING
MEMORANDUM/MAXFIELD
CR06-340 TSZ - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  requiring that the defendant "seek and obtain approval from his probation officer before
2  using any particular computer or computer-related device, internet-service provider, or
3  computer or internet account--such as a screen user name or email account" finding that
4  "the breadth of [the condition] was not reasonably related to the nature and circumstances
5  of Sale's counterfeiting offense or Sales's history and characteristics." *Sales*, 2007 WL
6  430429 at *3. In particular, the Court observed that Sales's unlawful activity, while
7  involving a scanner, computer and printer "did not utilize any other devices, and in no way
8  involved or relied upon the internet, electronic bulletin boards, or other networks." *Id.* In
9  contrast, Maxfield relied entirely upon the Internet and his computer for his predatory
10 purposes. The proposed condition operates in conjunction with the others to ensure that
11 not only is Defendant deterred from any future conduct related to the exploitation of
12 children, but that unsuspecting children themselves are protected from him. Proposed
13 Condition # 9 is consistent with the purposes of Section 3583(d) and should be imposed.
14          DATED this 20th day of February, 2007.

15                                            Respectfully submitted,

16                                            JEFFREY C. SULLIVAN
                                              United States Attorney

17

18                                            s/Susan B. Dohrmann
                                              SUSAN B. DOHRMANN
19                                            Washington State Bar Number 13475
                                              Assistant United States Attorney
20                                            Western District of Washington
                                              700 Stewart Street, Suite 5220
21                                            Seattle, WA 98101
                                              Telephone: 206.553.7970
22                                            Fax: 206.553.0755
                                              E-mail: susan.dohrmann@usdoj.gov

GOVERNMENT'S SENTENCING
MEMORANDUM/MAXFIELD
CR06-340 TSZ - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant.

s/ *Bonnie R. Wolfgram*
BONNIE R. WOLFGRAM
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-2520
FAX:   (206) 553-0755
E-mail: bonnie.wolfgram@usdoj.gov